UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Crim Case No. 25-20200
        Hon. Terrence G. Berg

RONNIE LYNN,

        Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Beginning in or around May 2012 and continuing into May 2020, Defendant Ronnie Lynn stole more than $100,000.00 in Social Security Administration (SSA) benefits intended for his deceased mother. Lynn admitted to knowing that he was not entitled to that money and that it was government property. His crime was not elaborate, but it was recurrent and involved the conversion of nearly 100 separate monthly benefit payments.

On May 12, 2025, Defendant Lynn pleaded guilty to one count of Theft of Government Funds (18 U.S.C. § 641) pursuant to a Rule 11 Plea Agreement; he is now scheduled to appear for sentencing at 10:00 a.m. on September 25, 2025. Consistent with the parties' Rule 11 Plea Agreement, the Government recommends a guideline sentence not to exceed the midpoint of the guideline range.

1

I.   **Introduction**

The United States adopts the timeline of relevant case events, the description of the charge to which Defendant Lynn has pleaded guilty, and the statement of the offense conduct detailed by the Probation Department in the Presentence Investigation Report (PSR) dated September 8, 2025.

II.   **Calculation of Advisory Sentencing Guidelines**

The Probation Department has calculated Defendant Lynn's sentencing guideline range to be 6 to 12 months. (PSR ¶ 62.) This matches the Government's estimate; accordingly, the Government accepts the guidelines calculated by the Probation Department as correct.

III.   **The Relevant § 3553 Factors**

The task of a court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F.3d 277, 281 (6th Cir. 2007) (*quoting United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

>   **(1)   Nature and Circumstances of the Offense and History and Characteristics of Defendant**

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1).

Defendant Lynn comes before the Court at the age of 70 and is physically and mentally healthy. (PSR ¶ 81.) He holds a Bachelor of Manufacturing Engineering and is retired with a steady and stable history of gainful, professional employment. He served in the military and reports some previous volunteer work. His criminal history, while serious, is temporally remote. The Government acknowledges that these items weigh in favor of some leniency. However, as discussed below, other factors weigh to the contrary.

First and foremost is the sheer scope of this fraud. Defendant Lynn knew that he was not entitled to his mother's Social Security benefits, yet, month after month, year upon year, for eight years, he continued to steal those monies by making in-person and ATM cash withdrawals, and by using a debit card to make purchases at local businesses. Lynn converted approximately 100 separate monthly benefit payments over the course of the offense, and with every transaction, that is, every time that Lynn withdrew cash, spent that cash, or made a debit card purchase, he made a conscious and deliberate decision to steal money from the government. This was not a momentary lapse in judgment, but rather a series of intentional choices – hundreds and hundreds of choices. Defendant Lynn knew that what he was doing was wrong, but he continued to do it anyway. He could have stopped of his own volition at any time; he chose not to.

Furthermore, while it is true that the defendant will have to make restitution, it is important to remember that restitution is mandatory in the case of <u>all</u> financial offenses. Federal benefits fraud is a real crime that should be met with more than merely a financial consequence, even where the financial consequence may be significant.

### (2) Seriousness of the Offense, Respect for the Law, and Just Punishment

The second factor requires the Court to impose a sentence which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

The government believes that the defendant's crime – stealing over $100,000 in government funds over the course of eight years – is a serious one that should be met with a serious consequence. This purpose of sentencing is often minimized in the context of financial crimes. Nonetheless, offenses such as this negatively affect the public's perception of social welfare programs; specifically, these crimes erode confidence in the Social Security Administration and its ability to safeguard taxpayer contributions.

Moreover, it is important to understand that this is not a "victimless" crime. Theft from the government is theft from the taxpayers that fund the government. Taking money from the Social Security Administration, in particular, is an affront against every hardworking individual who pays into the system in hopes that it will still be there to support them in their retirement or the event of a disability. As the

Court is likely aware, the Social Security system is in jeopardy and conduct such as that of the defendant puts the system at even greater risk of insolvency. Now more than ever, program integrity is a topic of significant concern amongst lawmakers, highlighting the need for those who steal from the government to be held accountable.

Simply having to pay the money back would not be a "just punishment," but rather a concession that this defendant – for all practical purposes – is entitled to unilaterally take a long-term, interest-free loan from his fellow citizens, which may never be repaid in full.

### (3)   Need to Afford Adequate Deterrence & Protect the Public

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

The United States acknowledges that given the defendant's remote criminal history, any sentence imposed in this case might be sufficient to discourage *him* from engaging in additional criminal conduct.

However, the sentence imposed in this case should also serve to deter *others* who seek to profit by stealing benefits intended for deceased relatives. Each year, thousands and thousands of Americans pass away while receiving monthly benefit payments, and many of those individuals' family members may be tempted to do

exactly what the defendant did here: convert those payments to their own use for as long as they possibly can.

Whatever sentence the Court imposes needs to be sufficient to dissuade the public from engaging in misconduct akin to that of the defendant and send a message to other would-be thieves that there are significant consequences for defrauding the Social Security Administration.

### (4) Effective Training and Treatment

Additionally, the sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

The defendant is college-educated and retired with a history of stable, gainful employment. There is no indication that he seeks or needs to further his education or employment skills. To the extent that he might require medical treatment, the Government believes that the Bureau of Prisons is fully capable of treating the defendant's health issues during any term of incarceration.

### (5) Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A).

The defendant's offense is a Class C felony and calculation of the sentencing guidelines places him in Zone B of the sentencing table. Under the applicable guideline provision, the "minimum term" of the defendant's advisory guideline range (here 6 months) may be satisfied by:

(1) a sentence of imprisonment; or

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or

(3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

U.S.S.G. § 5C1.1(c).

> **(6) The need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct**

According to the Judiciary Sentencing Information Network (JSIN), with regard to the guidelines as calculated by the Probation Department:

> During the last five fiscal years (FY2020-2024), there were 1119 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 10 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 356 defendants (32%) who received a sentence of imprisonment in

7

whole or in part, the average length of imprisonment imposed was 6 month(s) and the median length of imprisonment imposed was 6 month(s).

(https://jsin.ussc.gov/analytics/saw.dll?Dashboard, last visited September 18, 2025).

### (7) Restitution, Fines, and Forfeiture

Finally, a court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7).

The defendant's crime caused a financial loss to the government; thus, the United States seeks imposition of a mandatory restitution order under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the amount of $103,991.82 to the Social Security Administration and $1,200.00 to the Internal Revenue Service. In addition to ordering restitution, the government would ask the Court to adopt the special conditions suggested by the Probation Department in ¶ 90 of the PSR.

## IV. Conclusion

Having considered the factors set forth in 18 U.S.C. § 3553(a), and consistent with the parties' Rule 11 Plea Agreement, the government respectfully recommends a guidelines sentence not to exceed the midpoint of the guideline range. Ultimately, the government asks the Court to impose whatever reasonable

sentence it determines to be sufficient but not greater than necessary to comply with the purposes stated in 18 U.S.C. § 3553.

The United States further asks that the Court require the defendant to pay the mandatory $100.00 special assessment to the Clerk of the Court, and order him to pay restitution in the full amount of $105,191.82 ($103,991.82 to the Social Security Administration and $1,200.00 to the Internal Revenue Service).

        Respectfully Submitted,

        JEROME F. GORGON JR.
        United States Attorney

        *s/Corinne M. Lambert*
        CORINNE M. LAMBERT
        Special Assistant U.S. Attorney
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226
        (313) 226-9129
        Corinne.Lambert@usdoj.gov

Date:  September 18, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 18, 2025, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

BRANDY Y. ROBINSON
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5852
brandy_robinson@fd.org

A copy was also provided to Probation Officer Chantele L. Wild via email.

                                             *s/Corinne M. Lambert*
                                             CORINNE M. LAMBERT